MICHAEL QUINN, Respondent, *v.* WARRING S. WEED, AND ANOTHER, Appellants.

*Power of General Term to review findings of jury on trial in County Court of action commenced in Justice's Court — Breach of warranty — when action lies for.*

THIS action originated in a Justice's Court, where the plaintiff had a judgment. It was appealed to the Sullivan County Court, where the action was retried before the court and jury, and a verdict rendered for the plaintiff. After verdict a case was made, upon which the defendants moved before the County Court for a new trial, which was denied. Judgment having been entered on the verdict, the defendants brought an appeal to this court from the judgment and from the order refusing a new trial.

The court at General Term say : " In a case arising in a Justice's Court, appealed to the County Court, and there retried before a jury, this court occupies the same position as to findings of the jury, as the Court of Appeals does to the findings of the jury at Circuit. Neither can review the findings on the trial when the same have been affirmed on a motion for a new trial in the court below. In fact, an order denying a new trial on the minutes, in such a case as this, is not appealable to this court. Chapter 3, title 9, part 2 of the Code, entitled, 'Appeals to the Supreme Court from an inferior court,' only authorizes an appeal from the County Court to this court, after trial, from a judgment rendered. This case, therefore, must be treated wholly as an appeal from a judgment.

The complaint counted upon two causes of action, one for a breach of warranty on the sale of twenty barrels of flour, the other for the recovery back of ninety-five dollars paid by mistake.

The first point made by the defendants is, that " the action was not properly brought on a breach of warranty." The plaintiff testified that in the negotiation for the twenty barrels of flour, he said he wanted none but good flour, and defendants said they would warrant the flour in question good family flour, and thereupon the plaintiff made the order. On test, and on sale to customers, the flour turned out not good flour. The verdict affirmed this evidence. It was an executory sale with warranty, and the subsequent dis-

covery of the breach entitled the plaintiff to an action for the damages. (*Day* v. *Pool*, 52 N. Y., 416.)

The rest of the opinion is taken up with a discussion of fact.

*H. & W. J. Welsh*, for appellants. *James I. Curtis*, for respondent.

Opinion by JAMES, J.

Judgment and order affirmed, with costs.